IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 24, 2005

IN THE MATTER OF:  J.L.

Appeal from the Juvenile Court for Sumner County
No. 69-449; 72-381     Barry R. Brown, Judge

No. M2005-00286-COA-R3-PT - Filed August 9, 2005

Mother appeals the termination of her parental rights to her child, J.L.  The trial court terminated the mother's parental rights on the grounds of abandonment, persistence of conditions, and substantial noncompliance with the permanency plan.  The trial court also found the termination of the mother's parental rights was in the child's best interest.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Charles R. Bobbitt, Jr., Hendersonville, Tennessee, for the appellant, C.L.

Paul G. Summers, Attorney General and Reporter; and Amy T. Master, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

The child was introduced to the Department of Children's Services when the mother's sister alleged that the mother was addicted to crack cocaine and had abandoned the child.[2]  The Department first placed the child with the mother's sister. Thereafter, the mother's sister grew weary of caring for the child and gave the child to another couple to care for the child.  This was done

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The mother had left the child with a babysitter but never returned.  The babysitter notified the mother's sister, who in turn contacted the Department.

without the knowledge or consent of the Department. The Department conducted an investigation when it learned of the unauthorized transfer of custody and learned that one of the adults with whom the mother's sister had entrusted the child was a sex offender. Thus, the Department took the child into protective custody and placed him in foster care.

Efforts to reach the mother thereafter were unsuccessful. Therefore a dependency and neglect petition was filed. The adjudicatory hearing was held on August 21, 2003. The mother appeared at the dependency and neglect hearing, at which time the court appointed counsel to represent her.[3] The mother explained that she had moved to Oregon with a new husband since leaving the child with the babysitter. She also admitted that she failed to communicate with the Department while knowing that the child was in the Department's custody. She further informed the court that she had a lengthy history of drug abuse and had been incarcerated on a number of occasions for drug offenses and prostitution.[4] The court declared the child dependent and neglected.

Thereafter, on December 4, 2003, the Department filed a Petition to Terminate Parental Rights of the mother and the unknown father.[5] Mother was represented by counsel and attended the trial.[6] Following a full evidentiary hearing, the trial court terminated mother's parental rights on the grounds of abandonment, persistence of conditions, and substantial noncompliance with the permanency plan and upon a finding that termination was in the child's best interest. Mother appealed contending that the trial court erred by terminating her parental rights "when she had just begun to perform some of the tasks required by her Permanency Plan."[7]

The record before us is compelling and it fully supports the trial court's findings that the mother willfully failed to visit her son during the four months preceding the filing of the petition to terminate her parental rights; she failed to visit the child from the time she deserted him with the babysitter until the court suspended visitation on July 14, 2004, seven months after the petition was filed; she did not see the child for over eighteen months; and, she did not visit the child even when

---

[3]The mother's appearance was unexpected because the mother's whereabouts were unknown to the Department and she had failed to contact the Department prior to her sudden appearance at the hearing.

[4]She also informed the court that she had recently given birth to yet another child (since abandoning the child at issue and moving to Oregon). The latest child was in state custody in Oregon while this case was proceeding in Tennessee.

[5]The unknown father is not a party to this appeal.

[6]Her attendance was arranged by the Sheriff for she was a resident of the jail due to a probation violation of a prostitution charge.

[7]The mother's brief is woefully inadequate. Admittedly, the mother's conduct, including the abdication of her parental responsibilities to her child leading up to these proceedings and her responsibilities to her counsel during these proceedings, made it exceedingly difficult for her counsel to present an effective argument on appeal; nevertheless, it is no excuse for the deficiencies in the mother's brief.

the Department attempted to make visitation arrangements.[8] The record also establishes that she had a protracted history of engaging in criminal behavior, including prostitution and drug abuse, that resulted in multiple incarcerations, the most recent of which was during the trial of this matter. The record also establishes the fact that although the mother had not been employed during the six months preceding the filing of this petition, she regularly received quarterly compensation in excess of $10,000 from which she could have provided support for the child but willfully failed to do so.[9] We also concur with the trial court that there is clear and convincing evidence that it is in the child's best interest to terminate the mother's parental rights.

Finding no error, we affirm the judgment of the trial court in all respects. Costs of this cause are assessed against the mother for which execution may issue if necessary.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[8]The Department introduced evidence that they had endeavored to make arrangements for the mother to visit with the child, yet the mother failed to exercise visitation. At trial the mother admitted that she had not visited the child but claimed that she had attempted to schedule a visit. The Department rebutted the mother's testimony with testimony from its case manager who stated that when she endeavored to arrange visitation the mother declined stating that she was not ready for visitation.

[9]Mother is a member of the Emmonak Indian Tribe in Alaska. The Emmonak Tribe is also a corporation organized under federal law. The corporation owns land that produces a handsome income. As a member of the tribe (corporation) the mother is entitled to a proportionate share of its net income.